IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAMEL HUSSEIN HOUDROJ,            )
                                  )
            Plaintiff,            )   Civil No. 06-76-JE
                                  )
        v.                        )   OPINION AND ORDER
                                  )
MICHAEL CHERTOFF, Secretary       )
of Department of Homeland         )
Security [DHS], and WILLIAM       )
McNAMEE, District Director of     )
United States Citizenship and     )
Immigration Services [USCIS],     )
                                  )
            Defendants.           )
_____)

    David N. Shomloo
    Attorney at Law
    222 N.W. Davis, Suite 402
    Portland, Or 97209
        Attorney for Plaintiff

    Karin J. Immergut
    U.S. Attorney
    Kelly A. Zusman
    Asst. U.S. Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, OR 97204-2902
        Attorneys for Defendant

1 - OPINION AND ORDER

JELDERKS, Magistrate Judge:

Plaintiff Kamel Hussein Houdroj brings this action against Michael Chertoff, Secretary of the Department of Homeland Security, and William McNamee, District Director of the United States Citizenship and Immigration Services (USCIS). Plaintiff seeks a determination concerning his eligibility for naturalization.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b) on the grounds that plaintiff's complaint fails to state a claim upon which relief may be granted, and on the grounds that this court lacks jurisdiction. Plaintiff moves for the issuance of a writ of mandamus ordering defendants to determine plaintiff's *prima facie* eligibility for naturalization.

For the reasons set out below, defendants' motion to dismiss is granted in part and denied in part, and plaintiff's motion for issuance of a writ of mandamus is denied.

## FACTUAL BACKGROUND[1]

Plaintiff was born in Lebanon on February 3, 1978, and is a Lebanese citizen. His father, Zeinab S. Houdroj, a Lawful Permanent Resident Alien (LPR) of the United States, filed a Petition for Alien Relative, Immigration Form I-130, on

---

[1] This summary is based upon defendants' recitation of the facts, which plaintiff has not disputed, and upon documents attached to plaintiff's complaint.

2 - OPINION AND ORDER

plaintiff's behalf on February 20, 1991.  The Immigration and Naturalization Service (INS) approved this Petition on February 28, 1991.[2]

On February 1, 1996, plaintiff was admitted into the United States at Seattle, Washington, as a LPR.  Plaintiff is single and has never married.  He has never left the United States since his arrival.

Plaintiff first became eligible to file an Application for Naturalization, Immigration Form N-400, on November 3, 2000, and filed an Application for Naturalization on February 10, 2004.

In a decision dated August 12, 2004, defendant McNamee, USCIS District Director, denied plaintiff's application on the grounds that plaintiff lacked "good moral character."  This denial was based upon plaintiff's arrest for and conviction of violating a Restraining Order in Washington County, Oregon.  The denial was also based upon plaintiff's arrest on December 25, 2001, for a probation violation related to a Restraining Order dated June 10, 2000.  These events occurred during a statutory period during which plaintiff, as an applicant for naturalization, was required to show that, in addition to satisfying all other statutory and regulatory

---

[2]The functions of the INS have since been assumed by the Department of Homeland Security (DHS), the Citizenship & Immigration Services (USCIS), the Immigration & Customs Enforcement (ICE), and the Customs and Border Protection (CBP).

3 - OPINION AND ORDER

requirements for naturalization, he was a person of "good moral character."

Plaintiff did not appeal the August 12, 2004 denial of his Application for Naturalization.

Proceedings to remove plaintiff from the United States were initiated on January 4, 2005, when plaintiff was charged with being removable under provisions of 8 U.S.C. § 1227(a)(2)(E)(ii). The charge stated that the Washington County Circuit Court had determined that plaintiff "had engaged in conduct that violated a portion of [a protection order] that involved protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued." The charge added that plaintiff was subject to removal from the United States pursuant to Section 237(a)(2)(E)(ii) of the Immigration and Nationality Act as

> an alien who at any time after entry has been enjoined under a protection order and has been determined to have engaged in conduct in violation of that order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the persons for whom the protection order was issued.

ICE attorneys litigate removal proceedings in Immigration Court, which is a part of the United States Department of Justice (DOJ), Executive Office for Immigration Review. Immigration Judges (IJs) preside over Immigration Courts.

Plaintiff moved to terminate removal proceedings in Immigration Court. His motion was denied on April 26, 2005,

4 - OPINION AND ORDER

and on June 30, 2005, an Immigration Judge found him removable.

In response to that finding, plaintiff requested relief from removal in Immigration Court by filing an Application for Asylum, Immigration Form I-589.  During a hearing held September 6, 2005, an Immigration Judge accepted that application.  At the hearing, plaintiff also applied for relief from removal by filing an Application for Cancellation of Removal, Immigration Form 42A, pursuant to 8 U.S.C. § 1229b.  Plaintiff's removal proceedings were then reset to November 17, 2005.  Plaintiff's removal proceedings were subsequently rescheduled twice, and the Immigration Court has not rendered a decision on his two applications for relief from removal.

Plaintiff filed a second Application for Naturalization on January 4, 2005, and a third Application for Naturalization on October 14, 2005.  Plaintiff withdrew his second application in March, 2005, and defendant McNamee denied plaintiff's third application on November 14, 2005.  In his decision denying plaintiff's third application, defendant McNamee cited a portion of Section 318 of the Immigration and Nationality Act, as amended, set out in 8 U.S.C. § 1429, which states that:

> [N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act . . . .

5 - OPINION AND ORDER

He also cited <u>Bellajaro v. Schiltgen</u>, 378 F.3d 970 (9th Cir. 2003) and <u>Perdomo-Padilla v. Ashcroft</u>, 333 F.3d 964, 970 (9th Cir. 2003).  The denial stated that the <u>Bellajaro</u> court "recognized that the intent of Section 318 of the Act was for removal proceedings to take precedence over naturalization applications," and that the <u>Perdomo-Padilla</u> court, in effect, "concluded that absent proof the applicant is statutorily barred from receiving a benefit i.e. naturalization, USCIS has the authority to deny such application based upon jurisdictional issues while the applicant is subject to removal proceedings or to a final order of removal."  The decision added that "[i]n light of the ongoing removal proceedings instituted against you, this agency has determined that it lacks jurisdiction to determine your eligibility for naturalization."

    On December 7, 2005, plaintiff sought review of defendant McNamee's denial of his third Application for Naturalization by filing a Request for a Hearing on a Decision in Naturalization Proceedings Under Section 336 of the Act, Immigration Form N-336.  In a decision dated December 19, 2005, defendant McNamee denied this request for a hearing, again citing 8 U.S.C. § 1429; <u>Bellajaro</u>, 378 F.3d 1042; and <u>Perdomo-Padilla</u>, 333 F.3d 964.  In the denial, plaintiff was advised of his right to seek judicial review of defendant McNamee's decision.

**RELIEF SOUGHT IN THIS ACTION**

Plaintiff's action is captioned as a "Complaint in Mandamus Declaratory Injunctive Relief and Review Under 8 U.S.C.S. § 1421(c) RE: Issuance of Determination of *Prima Facie* Eligibility on Termination of Removal Proceedings Pursuant to 8 CFR 1239.2(f)."

Plaintiff asks this court to declare whether he "is or not *prima facie* eligible for naturalization," or, in the alternative, to declare

> that Defendant does have jurisdiction to make the *prima facie* determination of eligibility for naturalization sought by Plaintiff and that it ORDER Defendants to reopen Plaintiff's Application for Naturalization and issue the determination whether Plaintiff is *prima facie* eligible for naturalization; AND
>
> [t]hat this court declare that the determination of *prima facie* eligibility differs from a determination of ultimate eligibility on the merits in that the former does not include a determination of discretionary factors . . . .

**DISCUSSION OF PENDING MOTIONS**

As noted above, defendants move to dismiss this action for failure to state a claim upon which relief may be granted and for lack of jurisdiction, and plaintiff seeks a writ of mandamus requiring defendants to determine his *prima facie* eligibility for naturalization.

During Rule 16 and status conferences in the present action, counsel for the parties directed my attention to <u>Le v. McNamee</u>, CV 06-49-BR, a case pending before the Honorable Anna

7 - OPINION AND ORDER

Brown which presents the same issues as are presented in this action. I informed the parties that I would review Judge Brown's decisions, the briefs filed in the present action, and relevant statutes and decisions, and anticipated reaching the same conclusions as Judge Brown.

I. <u>Decisions in Le v. McNamee, CV 06-49-BR</u>

Two recent decisions by Judge Brown in <u>Le</u> address the issues raised by the pending motions. In that action, the plaintiff's Application for Naturalization had been denied, and the plaintiff was subject to removal proceedings. Defendant McNamee had refused to make a finding as to the plaintiff's *prima facie* eligibility for naturalization. The plaintiff sought a declaration from the court as to whether he was *prima facie* eligible for naturalization, and in the alternative, sought a declaration that defendant McNamee had the jurisdiction to make such a finding. In the event that the court determined that defendant McNamee had such jurisdiction, plaintiff sought an order requiring defendant to reopen his Application for Naturalization and to determine his *prima facie* eligibility. There, as here, defendant McNamee moved to dismiss on the grounds that the court lacked subject matter jurisdiction and the grounds that the plaintiff had failed to state a claim because the USCIS is not authorized to determine the *prima facie* eligibility for naturalization of an individual against whom removal proceedings are pending.

8 - OPINION AND ORDER

In an opinion that thoroughly reviewed the parties' contentions and relevant authority, Judge Brown concluded that defendant McNamee had properly denied the plaintiff's Application for Naturalization because 8 U.S.C. § 1421(c) barred the defendant's consideration of such an application while removal proceedings against the applicant were pending. Id., slip op. at 11 (D. Or. Oct. 20, 2006). Judge Brown further concluded that this court lacks jurisdiction to determine plaintiff's *prima facie* eligibility for naturalization, but that the USCIS does have the jurisdiction to make that determination. Id. at 12, 15.

Based upon these conclusions, Judge Brown granted defendant McNamee's motion to dismiss to the extent that she concluded that this court does not have the authority to declare that the plaintiff was *prima facie* eligible for naturalization. Id. at 17. Judge Brown denied defendant McNamee's motion to dismiss to the extent that she concluded that the USCIS had the jurisdiction to determine the plaintiff's *prima facie* eligibility for naturalization while removal proceedings were pending. Id. at 17-18.

During a status conference held on October 31, 2006, shortly after Judge Brown had issued her first opinion, the plaintiff orally moved for an order requiring defendant McNamee to make a determination as to his *prima facie*

9 - OPINION AND ORDER

eligibility for naturalization.[3] The plaintiff asserted that, if the court lacked the authority to require defendant to make that determination pursuant to the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, it had the authority to require that determination through a Writ of Mandamus issued pursuant to 28 U.S.C. § 1361.

Judge Brown addressed the plaintiff's motion to require defendant McNamee to make a determination of his *prima facie* eligibility for naturalization in an Opinion filed on January 8, 2007. Le v. McNamee, CV 06-49-BR, slip op. (D. Or. Jan. 8, 2007). Based upon her analysis of the relevant statutes, regulations, and decisions, Judge Brown concluded that the APA does not provide a basis upon which the court could compel the determination that the plaintiff sought because the USCIS is not required to issue such a determination when a removal proceeding is pending. Id. at 7. Judge Brown likewise concluded that this court does not have jurisdiction to compel the defendant to make a determination as to plaintiff's *prima facie* eligibility for naturalization because the plaintiff did not identify any law that plainly required the defendant to make that determination. Id. at 9. Accordingly, Judge Brown denied the plaintiff's motion for an

---

[3] In her first Opinion, Judge Brown did not state that the USCIS is required to decide an applicant's *prima* facie eligibility for naturalization when removal proceedings are pending, but instead stated that "it is within Defendant's discretion" to make that determination. Le, slip op. at 17 (D. Or. Oct. 20, 2006.)

10 - OPINION AND ORDER

order requiring defendant McNamee to make a determination as to plaintiff's *prima facie* eligibility for naturalization.

II. Decision as to the Parties' Motions in This Action

As noted above, I indicated earlier that, in evaluating this action, I would likely be guided by Judge Brown's decisions in Le v. McNamee. Having reviewed the parties' memoranda, Judge Brown's decisions in Le, and the authorities cited in those materials, I fully concur with Judge Brown's analysis, and conclude that the same results are appropriate here.

Accordingly, defendant's motion to dismiss for lack of jurisdiction and failure to state a claim will be granted to the extent that this court lacks jurisdiction to determine whether plaintiff is *prima facie* eligible for naturalization, and to the extent that plaintiff seeks an order requiring defendants to reopen his Application for Naturalization and issue a determination as to his *prima facie* eligibility for naturalization. Defendants' motion will be denied to the extent defendants seek dismissal on the grounds that they do not have the jurisdiction to make the requested determination. Plaintiff's motion for the issuance of a Writ of Mandamus requiring defendants to decide the question of his *prima facie* eligibility for naturalization will be denied.

## CONCLUSION

Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim (# 17) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED to the extent that this court lacks jurisdiction to determine whether he is *prima facie* eligible for naturalization, and is GRANTED to the extent that plaintiff seeks an order requiring defendants to reopen his Application for Naturalization and issue a determination as to his *prima facie* eligibility for naturalization.  The motion is DENIED to the extent defendants seek dismissal on the grounds that they do not have the discretion to make the requested determination of plaintiff's *prima facie* eligibility for naturalization.

Plaintiff's amended motion for the issuance of a Writ of Mandamus ordering defendants to decide the question of his *prima facie* eligibility for naturalization (# 15) is DENIED.

DATED this 6th day of March, 2007.

/s/   John Jelderks
John Jelderks
U.S. Magistrate Judge